UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
THEODORE PARISIENNE,                        :   No:  1:17-cv-04462-VM
                    Plaintiff,              :
                                            :
        -against-                           :   ECF Case
                                            :
MOGULDOM MEDIA GROUP LLC,                   :   ANSWER TO COMPLAINT
                    Defendant.              :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

Defendant Moguldom Media Group LLC ("Moguldom"), through its undersigned counsel with Fox Rothschild LLP, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, hereby submits the following Answer to the Complaint (Dkt. No. 1, June 13, 2017) of Plaintiff Theodore Parisienne, corresponding to the paragraphs set out in Plaintiff's Complaint:

## NATURE OF THE ACTION

1.      Moguldom admits that this action purports to be one seeking remedies for alleged copyright infringement.  Moguldom lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and, on that basis, the allegations are denied.

## JURISDICTION AND VENUE

2.      The allegations concerning subject-matter jurisdiction in Paragraph 2 of the Complaint are assertions of legal conclusions for which no answer is required.  To the extent necessary, Moguldom does not contest the Court's subject-matter jurisdiction.

3. The allegations concerning personal jurisdiction over the Defendant in Paragraph 3 of the Complaint are assertions of legal conclusions for which no answer is required. To the extent necessary, Moguldom does not contest the Court's exercise of personal jurisdiction.

4. The allegation concerning venue in Paragraph 4 of the Complaint is an assertion of a legal conclusion for which no answer is required. To the extent necessary, Moguldom does not contest the venue of this matter in this District.

## PARTIES

5. Moguldom lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and, on that basis, the allegations are denied.

6. Moguldom admits the allegations of Paragraph 6 of the Complaint concerning its legal status and place of business, but it denies the allegation that it owns and operates the website published at the URL www.Bossip.com, as this publication was sold by Moguldom prior to the filing of this civil action.

## STATEMENT OF FACTS

7. Moguldom lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint beyond the fact that the content of Exhibit A to the Complaint reflects a copy of the Photograph at issue in this civil action, and, on that basis, the remaining allegations are denied.

8. Moguldom lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and, on that basis, the allegations are denied.

9. Moguldom lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and, on that basis, the allegations are denied.

10.     Moguldom admits that the website Bossip.com published an article on January 19, 2017, with the headline "Exclusive! Troy Ave Reacts to Taxstone Being Held Without Bail in T.I. Show Shooting," and that this news article includes a copy of the photograph at issue in this case, an undated, blurry screenshot of which appears to comprise Exhibit B to the Complaint, and it denies all other allegations of Paragraph 10 of the Complaint.

11.     Moguldom lacks sufficient information to form a belief as to the truth of allegations in Paragraph 11 of the Complaint, and, on that basis, the allegations are denied.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)

12.     Moguldom incorporates its prior responses to each and every allegation contained in the paragraphs above.

13.     Moguldom denies the allegations of Paragraph 13 of the Complaint.

14.     Moguldom denies the allegations of Paragraph 14 of the Complaint.

15.     Moguldom denies the allegations of Paragraph 15 of the Complaint.

16.     Moguldom denies the allegations of Paragraph 16 of the Complaint.

17.     Moguldom denies the allegations of Paragraph 17 of the Complaint.

18.     Moguldom denies the allegations of Paragraph 18 of the Complaint.

19.     Moguldom denies the allegations of Paragraph 19 of the Complaint.

## DEFENSES

Moguldom denies any and all allegations, inferences or implications arising from any statement in the Complaint to the extent such have not been affirmatively admitted by Moguldom in this Answer.  Moguldom propounds the following separate and additional

defenses, and by doing so, Moguldom in no way concedes that it has the burden of proof and/or burden of persuasion with respect to any of such defenses.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

On information and belief, Plaintiff's claim for copyright infringement is barred by the defense of license and/or implied license.

### Third Affirmative Defense

To the extent that any use of the Photograph by Moguldom should otherwise be found to constitute a reproduction or display of a copy of the work, Plaintiff's claim for copyright infringement is barred, in whole or in part, as a fair use under 17 U.S.C. § 107.

### Fourth Affirmative Defense

Plaintiff's claim for statutory damages pursuant to 17 U.S.C. § 504(c)(2) must be reduced, if awarded, to a sum of not more than $200 in light of Moguldom's lack of awareness of any copyright infringement in its use of the Photograph.

### Fifth Affirmative Defense

Plaintiff has failed to allege his purported actual damages with the requisite particularity.

### Sixth Affirmative Defense

Moguldom hereby gives notice that, due to its current lack of information as to the matters set forth in the Complaint, Moguldom has insufficient knowledge and information on which to form a belief as to whether it has additional defenses not expressly enumerated in the preceding paragraphs. Moguldom thus states that it reserves its right to amend its Answer to

assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery.

## Prayer for Relief

WHEREFORE, Moguldom respectfully requests that:

(a) Judgment be entered in its favor and against Plaintiff as to all claims alleged in the Complaint;

(b) Plaintiff takes nothing;

(c) The Court award such further relief, including attorney's fees and costs, against Plaintiff and to the benefit of Moguldom as the Court deems just and proper.

Dated: July 6, 2017                           Respectfully submitted,
New York City, New York

                                              FOX ROTHSCHILD LLP


                                              By:   */s Christopher P. Beall*
                                                 Christopher P. Beall

                                              101 Park Avenue, 17th Floor
                                              New York, NY 10178
                                              Tel. (646) 601-7635
                                              Fax. (212) 692-0940
                                              cbeall@foxrothschild.com

                                              *Counsel for Moguldom Media Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this  6th  day of   July  , 2017, a true and correct copy of the foregoing **ANSWER TO COMPLAINT** was filed with the Court through the ECF system, which generates an electronic notice of service by email delivery to all counsel of record.

                                     *s/ Christopher P. Beall*
                                     Christopher P. Beall